# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* L. T. HOOD, Minor.

UNPUBLISHED
September 20, 2016

No. 331553
Ingham Circuit Court
Family Division
LC No. 15-000027-NA

Before: JANSEN, P.J., and K. F. KELLY and O'BRIEN, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to her son, LTH, pursuant to MCL 712A.19b(3)(a)(*ii*) (desertion), (c)(*i*) (conditions that led to adjudication continue to exist), (g) (failure to provide proper care or custody), and (j) (reasonable likelihood of harm). We affirm.

Respondent argues that the order terminating her rights should be reversed because petitioner, Department of Health and Human Services (DHHS), failed to make reasonable efforts to reunify her and LTH by failing to maintain contact with her and provide her with a case service plan that would accommodate her mental illness. We disagree.

Before petitioner may seek termination of parental rights, petitioner generally must make reasonable efforts to reunite the parent and the child. See MCL 712A.18f; MCL 712A.19a(2); *In re Moss*, 301 Mich App 76, 90-91; 836 NW2d 182 (2013). Specifically, petitioner must "make reasonable efforts to rectify the conditions that caused the child's removal by adopting a service plan." *In re Fried*, 266 Mich App 535, 542; 702 NW2d 192 (2005). Petitioner's responsibility to provide services is accompanied by a respondent's responsibility to attend and benefit from services. *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). "If a parent cannot or will not meet her irreducible minimum parental responsibilities, the needs of the child must prevail over the needs of the parent." *In re Terry*, 240 Mich App 14, 28; 610 NW2d 563 (2000) (quotation marks and citation omitted). However, if a parent suffers from an Americans with Disabilities Act (ADA), 42 USC 12101 *et seq.*, disability, or "*a known or suspected* intellectual, cognitive, or developmental impairment," petitioner must make reasonable accommodations for that parent. *In re Hicks/Brown*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 328870); slip op at 16, lv pending; *Terry*, 240 Mich App at 25-26. This Court in *Hicks/Brown* explained that DHHS must

-1-

offer evaluations to determine the nature and extent of the parent's disability and to secure recommendations for tailoring necessary reunification services to the individual. The DHHS must then endeavor to locate agencies that can provide services geared toward assisting the parent to overcome obstacles to reunification. If no local agency catering to the needs of such individuals exists, the DHHS must ensure that the available service providers modify or adjust their programs to allow the parent an opportunity to benefit equal to that of a nondisabled parent. If it becomes clear that the parent will only be able to safely care for his or her children in a supportive environment, the DHHS must search for potential relatives or friends willing and able to provide a home for all. And if the DHHS shirks these duties, the circuit court must order compliance. [*Hicks/Brown*, ___ Mich App at ___; slip op at 16.]

Accommodations made must be individualized or personally tailored to ensure that the parent meaningfully benefits from services. *Hicks/Brown*, ___ Mich App at ___; slip op at 15. Petitioner and the trial court bear the burden of identifying the need for and implementing accommodations; these groups may not "sit back and wait for the parent to assert his or her right to reasonable accommodations." *Id*. at ___; slip op at 16. "The reasonableness of the efforts provided" and accommodations made "affects the sufficiency of the evidence supporting the grounds for termination." *Id*. at ___; slip op at 6, 16. Reasonable efforts are not made if petitioner "fails to take into account the parent[']s limitations or disabilities and make any reasonable accommodations." *Terry*, 240 Mich App at 26. Termination may only be sought if *after* reasonable accommodations are made "the parent fails to demonstrate sufficient benefit such that he or she can safely parent the child." *Hicks/Brown*, ___ Mich App at ___; slip op at 16. However, such arguments can be waived in the trial court, which is what occurred here.

A respondent must object or otherwise indicate that the services provided to her were inadequate in order to preserve the issue of reasonable efforts. *Frey*, 297 Mich App at 247. If arguing that petitioner failed to make reasonable accommodations in services to reunify the family, a parent must have raised the need for accommodations in services offered "when the court adopts a service plan." *Terry*, 240 Mich App at 27. Failure to raise the issue "well before" the dispositional hearing typically waives the issue. *Id*. at 26 n 5. The *Terry* Court held that "if a parent believes that [petitioner] is unreasonably refusing to accommodate a disability, the parent should claim a violation . . . under the ADA, either when a service plan is adopted or soon afterward." *Id*. at 26. The *Hicks/Brown* Court relaxed the timing requirement for such an objection, explaining that the need for an ADA accommodation may not be apparent when a service plan is adopted. *Hicks/Brown*, ___ Mich App at ___; slip op at 9-10. But *Hicks/Brown* retained the requirement for some objection in the trial court to preserve the issue for appeal and avoid waiver. *Id*. at ___; slip op at 10. Here, respondent admits that she never raised the issue by objecting to the services offered or accommodations given under the ADA. Accordingly, the issue is unpreserved and waived.

Furthermore, even assuming that respondent did not waive the issue, and assuming that respondent's mental illness constituted a disability under the ADA, we conclude that DHHS made reasonable efforts to reunify respondent and LTH. We first note that reasonable efforts were not required in this case because respondent's parental rights to several of the child's siblings were involuntarily terminated. See MCL 712A.19a(2)(c). However, the court

-2-

nevertheless required that DHHS make reasonable efforts to reunify respondent and the minor child, and the record establishes that DHHS made reasonable efforts toward reunification.

Respondent's caseworkers testified that they attempted to contact respondent on numerous occasions to set up services, but respondent either could not be located or refused to participate in services when DHHS was able to reach her. During one of few telephone conversations, respondent's caseworker attempted to ask questions regarding respondent's barriers to reunification, and respondent hung up the phone. Respondent also met with a caseworker in order to set up services, discuss parenting times, and obtain a social history, but the meeting only lasted five minutes because respondent refused to answer questions relevant to her services and left the restaurant. Respondent's caseworkers also attempted to set up parenting time, but respondent cancelled the first visit and was difficult to reach after cancelling the first visit. During a telephone conversation several months after the in-person meeting, respondent's caseworker attempted to discuss respondent's status, but respondent's answers were hard to follow, respondent kept changing the subject, and respondent ended the telephone conversation.

Respondent consistently failed to maintain contact with her caseworkers in spite of their efforts to locate respondent, make contact with her, and establish services. Respondent explained during her testimony that she did not maintain contact with DHHS because her lawyer advised her not to contact her caseworkers in light of an ongoing lawsuit that respondent had against DHHS. This indicates that respondent's failure to contact her caseworkers was due to an ongoing lawsuit, rather than her mental illness. Respondent also demonstrated an unwillingness to participate in any provided services when she told her caseworker that she did not need mental health services during a telephone conversation a few months before termination. Although respondent contends on appeal that the caseworkers did not schedule a psychological evaluation for her in order to accommodate her mental illness, the record indicates that respondent's caseworkers could not even review the initial service plan with respondent because they could not locate respondent for much of the duration of the case, and when they did locate respondent, she either refused to speak with her caseworkers or expressed her refusal to participate in mental health services. Therefore, the testimony indicates that scheduling mental health appointments for respondent would have been futile in light of respondent's refusal to acknowledge her mental health condition or participate in services. It is unclear what additional efforts and accommodations DHHS could have made in this case because respondent was not willing to participate in and benefit from services. Accordingly, we conclude that DHHS made reasonable efforts to rectify respondent's mental health conditions and reunify her with the minor child, but respondent was unwilling to participate in and benefit from services. See *Frey*, 297 Mich App at 248.[1]

---

[1] We note that respondent does not challenge the statutory grounds for termination or the trial court's best-interest determination, and our review of the record reveals no error in the trial court's decision with regard to the statutory grounds for termination or its decision that termination was in the minor child's best interests.

Affirmed.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien